**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | Case No. EP:25-M-05726(1)-ATB |
| § | |
| **LEONOR BRIONES-ESPARZA** § | |

## MEMORANDUM ORDER

Before the Court is Defendant Leonor Briones-Esparza's "Motion for Leave to File Out of Time Notice of Appeal" ("Motion") (ECF No. 2), filed on November 25, 2025. In her Motion, Defendant asks for leave to file an untimely Notice of Appeal to challenge her October 14, 2025 petty offense conviction for Attempted Illegal Entry By False and Misleading Representation, in violation of 8 U.S.C. § 1325(a)(3). *See* Compl., ECF No. 1.

Federal Rule of Criminal Procedure 58 applies "in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise." Fed. R. Crim. P. 58(a)(1). Rule 58(g)(2)(B) provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." So, Defendant's deadline to appeal her October 14, 2025 petty offense conviction was October 28, 2025.

But Defendant argues that good cause and excusable neglect under Federal Rule of Appellate Procedure 4(b)(4) justify granting her leave to file an untimely Notice of Appeal. *See* Mot. at 5, ECF No. 2; *see also* Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the

time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). She contends that good cause and excusable neglect are demonstrated by the following: (1) she was unable to retain appellate counsel until after being removed to Mexico; (2) her appellate counsel began the process of gaining admission to practice in this District; and (3) the recent lengthy government shutdown further delayed these efforts. Mot. at 5–8.

Yet contrary to Defendant's argument, the Federal Rules of Appellate Procedure do not govern appeals from a *magistrate* judge's judgment of conviction or sentence, unlike appeals from a *district* judge's judgment of conviction or sentence. *See* Fed. R. Crim. P. 58(g)(1); *see also United States v. Burgess*, 602 F. Supp. 1329, 1331 (E.D. Va. 1985) (holding that Fed. R. App. P. are not intended to govern appeals to district court from magistrate court's judgments of conviction). Indeed, some courts have found that the remedy under Federal Rule of Appellate Procedure 4(b)(4) does not apply to appeals from a magistrate judge's judgment of conviction or sentence. *See, e.g.*, *United States v. Zuniga*, 105 F.3d 650 n.1 (4th Cir. 1997) (table opinion) (unpublished) ("We note that Rule 58(g) does not provide for an additional thirty days within which to note an appeal upon a showing of excusable neglect.").

That said, one need not look to the Federal Rules of Appellate Procedure in appeals from a magistrate judge's judgment of conviction or sentence, as Federal Rule of Criminal Procedure 45(b)(1)(B) already provides a similar remedy: "When an act must or may be done within a specified period, the court on its own may extend the

time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect."

After due consideration, the Court finds that good cause and excusable neglect under Rule 45(b)(1)(B) supports granting Defendant leave to file her untimely Notice of Appeal for the reasons provided. There is no indication that Defendant is acting in bad faith or that her failure to timely file a Notice of Appeal resulted from inadvertence.[1]

Thus, the Court **GRANTS** Defendant's Motion. Within seven days of this Order, Defendant **SHALL FILE** her Notice of Appeal to the *district court*—not to the U.S. Court of Appeals for the Fifth Circuit as her proposed Notice of Appeal states.

**SIGNED AND ENTERED** on December 2, 2025.

_____
ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Defendant has completed her sentence (which included no term of supervised release or probation) and has been removed to Mexico, this case raises potential mootness issues. *See Donovan v. Air Transp., Dist. Lodge No. 146, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 754 F.2d 621, 624 (5th Cir. 1985) (courts must address mootness issues due to Article III case-or-controversy concerns, even if not raised by the parties). A case becomes moot only when it is impossible for a court to grant any effective relief to the prevailing party. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016). Put another way, as long as the prevailing party retains a concrete interest, however small, in the outcome of the litigation, the case is not moot. *Id*.

Here, Defendant—who was seeking an immigrant visa through her marriage to a U.S. citizen—was removed to Mexico due to her § 1325(a)(3) petty offense conviction. This removal bars her from reentering the United States for five years. *See* 8 U.S.C. § 1182(a)(9)(A)(i). If successful on appeal, Defendant could challenge her removal. *See Matter of Conde*, 27 I. & N. Dec. 251 (BIA 2018). So, the 5-year reentry bar "constitutes a cognizable collateral consequence" of her conviction, creating "a live case or controversy" and preventing mootness. *Zalawadia v. Ashcroft*, 371 F.3d 292, 298 (5th Cir. 2004). Moreover, if successful, Defendant's physical presence is not required for any further proceedings on remand, including trial. *See* Fed. R. Crim. P. 43(b)(2). Thus, at this stage, this case is not moot.